NO. 07-05-0239-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 29, 2005



______________________________




OAKWIND, LTD., APPELLANT



V.



TGI FRIDAYS, INC., APPELLEE




_________________________________



FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY;



NO. 017-209288-04; HONORABLE FRED W. DAVIS, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Oakwind, Ltd. appealed a summary judgment in favor of appellee TGI
Fridays, Inc. for a claim on common area maintenance charges due under a lease. 
Pending before this Court is a joint motion to dismiss the appeal by which the parties 
represent Oakwind no longer wishes to pursue the matter. 

 Without passing on the merits of the appeal, we grant the motion and dismiss the
appeal. Tex. R. App. P. 42.1(a). Pursuant to the motion, costs are to be assessed against
the party incurring them. Having dismissed the appeal at the request of the parties, no
motion for rehearing will be entertained and our mandate will issue forthwith.


 Don H. Reavis

 Justice

 

 



 Appellant contends the State failed to prove complainant was injured by his head
striking the floor; he does not, however, challenge the sufficiency of the evidence to
support the jury's finding that complainant sustained "serious bodily injury."

 In conducting a legal sufficiency review, we must determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v.
State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v.
State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). It is a fundamental rule of criminal law that
one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the
defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01
(Vernon 2003). As an appellate court, we may not sit as a thirteenth juror, but must uphold
the jury's verdict unless it is irrational or unsupported by more than a mere modicum of
evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 Appellant testified that on October 26, 2001, he and complainant were at J.W.'s Bar,
which was owned by appellant's father, when complainant sustained injuries as a result
of barroom "horseplay" between two friends. The State, however, presented evidence to
the contrary. Complainant testified appellant beat him with a pool cue and knocked him
out. Medical evidence established that complainant was transported by helicopter to the
emergency room in a comatose state with massive head injuries and a blood clot requiring
surgery. According to the treating physician, complainant's head injuries were caused by
multiple blows with a significant amount of force.

 Appellant challenges his conviction by contending the evidence is legally
insufficient to show that complainant's head struck the floor during the fracas. However,
Keith Church, who has known both appellant and complainant for approximately 20 years,
testified that just before midnight on October 26, he went to J.W.'s Bar and was invited by
appellant to "shoot some pool." He overheard appellant and complainant arguing and saw
appellant shove complainant to the floor. After appellant helped complainant get up, he
hit him again with his fist and complainant ended up face down on the floor. Church
further testified as follows:

 Q. Did J.M. [appellant] do anything other than hit him with his fist?

 A. No. Shortly after that, he got the back of him, lifted him off the ground,
and dropped him on the ground.

 Q. Okay. Let's go back and talk about that. You said, "he lifted the back of
him?"

 A. Lifted him up, yes. 

* * *


 Q. And what did he do after he lifted-after J.M. lifted Leslie [complainant]
up, what did he do"?

 A. He slammed him to the ground.

 Q. And what part of his body did he slam to the ground?

 A. The whole front of his body, his chest and --

 Q. His head?

 A. Yes.


Viewing the evidence under Jackson, we conclude a rational trier of fact could have found
beyond a reasonable doubt that complainant was injured when he was slammed to the
ground and his head struck the floor. Appellant's sole point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.